# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SCALES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 888 |
| | ) | |
| vs. | ) | Judge Leinenweber |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, | ) | |
| Department of Aviation Police Officers | ) | |
| ARTHUR GILLESPIE, Star 149, | ) | Jury Demand |
| KEVIN BARRETT, and | ) | |
| ROBERT DIVERS, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant-Officers are Department of Aviation police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. On or about November 26, 2007, at approximately 10 p.m., Plaintiff was leaving Midway Airport, where he worked as a labor foreman.

9. Plaintiff's daughter picked Plaintiff up from work.

10. Plaintiff and his daughter approached the security gate and waited for clearance to pass through the gate. Plaintiff was driving.

11. During this time, Plaintiff was arguing with his daughter.

12. Plaintiff's driver-side car window was rolled down and was next to the booth while Plaintiff was yelling at his daughter.

13. The booth window is tinted, and Plaintiff could not see through the window and into the booth.

14. Plaintiff and his daughter drove through the gate. Two Department of Aviation Officers waved to get Plaintiff's attention and signaled that he should stop.

15. The officers told Plaintiff that the officer in the booth, Defendant-Officer GILLESPIE, wanted to see Plaintiff.

16. GILLESPIE emerged from the booth and started to approach Plaintiff.

17. Plaintiff got out of the car to see why he had been stopped.

18. GILLESPIE was angry and aggressive. He shouted profanities at Plaintiff and threatened to "kick his ass."

19. Plaintiff asked GILLESPIE what he was talking about. Plaintiff told GILLESPIE that he didn't say anything to him, and that he had been yelling at his daughter. GILLESPIE had apparently assumed that Plaintiff had said something to him, but Plaintiff had not.

20. GILLESPIE walked towards Plaintiff, whose vehicle was approximately fifty feet away from the booth.

21. GILLESPIE punched Plaintiff three times in the face and neck. Defendant-Officer Gillespie also scratched Plaintiff on the neck.

22. The two other Department of Aviation Officers, Defendant-Officers BARRETT and DIVERS, stood by and watched Defendant-Officer Gillespie beat Plaintiff.

23. Plaintiff did not fight back and instead took the blows and stepped back from GILLESPIE.

24. Plaintiff asked BARRETT and DIVERS if they were just going to let GILLESPIE hit him like that. BARRETT and DIVERS told Plaintiff that they hadn't seen anything.

25. Plaintiff telephoned the CPD.

26. Plaintiff told the CPD operator that he had just been hit by a Department of Aviation Police Officer and wanted to press charges.

27. GILLESPIE was retreating to the booth. He turned around and threatened to attack Plaintiff again.

28. As Plaintiff was awaiting the arrival of the CPD, a sergeant from the Department of Aviation arrived. The sergeant asked what had happened, and Plaintiff told the sergeant that GILLESPIE had hit him and he wanted to press charges.

29. While explaining the situation to the DOA sergeant, a CPD sergeant and other police officers arrived. Plaintiff explained to the Chicago Police what had happened.

30. An ambulance arrived and attended to Plaintiff's injuries.

31. While Plaintiff was getting treatment at the ambulance, all of the officers and sergeants of the CPD and DOA went to the booth to review the FAA videotape of the incident.

32. Plaintiff was arrested when he finished getting treatment.

33. Plaintiff told the police that he wanted GILLESPIE to be arrested.

34. Plaintiff asked if he could review the videotape. Plaintiff was told that he could not review the videotape, because the cameras were not working and there was no footage.

35. Plaintiff was charged with assault. The case was docketed in the Cook County Circuit Court as: People v. Ronald Scales, 07 CR 1296468. The case was dismissed on June 11, 2008 after GILLESPIE failed to show up for several court dates.

36. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

37. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, monies posted for bond, lost wages and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

38. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

39. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against GILLESPIE,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

40. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

41. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against GILLESPIE,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

42. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

43. GILLESPIE violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against GILLESPIE,

b) Award Plaintiff compensatory and punitive damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Failure to Intervene)

44.    Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

45.    While Plaintiff was subjected to excessive force as described above, Defendant-Officers BARRETT and DIVERS had an opportunity to intervene, but chose not to intervene.

46.    BARRETT and DIVERS were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against BARRETT and DIVERS,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

47.    Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

48.    Defendant-Officer GILLESPIE instituted charges against Plaintiff for assault.

49.    There was not probable cause for such charges.

50.    The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against GILLESPIE,

b)    Award Plaintiff compensatory and punitive damages,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

51. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

52. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Daniel P. Kiss
Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595