UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD SCALES, | ) | |
| | ) | No.    09CV888 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Leinenweber |
| | ) | Magistrate Judge Schenkier |
| CITY OF CHICAGO, | ) | |
| Department of Aviation Police Officers | ) | Jury Demand |
| ARTHUR GILLESPIE, Star 149, | ) | |
| KEVIN BARRETT, and | ) | |
| ROBERT DIVER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, OFFICER GILLLESPIE'S MEMORANDUM IN SUPPORT OF HIS
RULE 12(f) MOTION TO STRIKE A PORTION OF THE
*AD DAMNUM* CLAUSE OF COUNT V
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Officer Arthur Gillespie ("Officer Gillespie"), for his Memorandum in support of his Rule 12(f) Motion to Strike a Portion of the *Ad Damnum* Clause of Count V of Plaintiff's First Amended Complaint, states as follows:

1.  On or about April 21, 2009, Plaintiff, Ronald Scales ("Scales"), filed his First Amended Complaint against, *inter alia*, Officer Gillespie.

2.  Count V of Scales' Amended Complaint states a claim for malicious prosecution against Officer Gillespie. In the *ad damnum* clause of this Count V, Scales asks that this Court award punitive damages against Scales.

3.  Section 745 ILCS 10/2-102 of the Local Governmental and Governmental Employees Tort Immunity Act ("Act") reads

> [n]o public official is liable to pay punitive or exemplary
> damages in any action arising out of an act or omission made
> by the public official while serving in an official executive,

> legislative, quasi-legislative, or quasi-judicial capacity, brought
> directly or indirectly against him by the injured party or a third
> party.

745 ILCS 10/2-102 (West 2009). For the purposes of this Section, police officers, who conduct detective's investigative and prosecutorial activities, are considered to be public officials within scope of their executive functions. *See*, *e.g.*, *Reese v. May*, 955 F. Supp. 869 (N.D. Ill. 1996)(holding that a plaintiff charged with an unlawful possession of an altered driver's license could not seek recovery of punitive damages in his state law claim of malicious prosecution against police officers). Simply stated, punitive damages are not recoverable against such police officers in state law actions for, *inter alia*, malicious prosecution. *See id.* at 877.

4. Therefore, in the present case, a portion of the *ad damnum* clause of Count V (for malicious prosecution) seeking punitive damages shall be stricken.

WHEREFORE, Defendant, Officer Arthur Gillespie, requests that this Court enter an order striking a portion of the *ad damnum* clause of Count V of Scales' First Amended Complaint seeking punitive damages, and for any such further relief as this Court deems appropriate.

        Respectfully Submitted,

        Officer Arthur Gillespie

        By:    /s/ Anna M. Panchenko
               One of His Attorneys

Alan L. Farkas
Anna M. Panchenko
Madsen, Farkas & Powen, LLC
20 South Clark Street, Suite 1050
Chicago, IL 60603
(312) 379-3444